**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>                    **Plaintiff,**<br><br>         v.<br><br>**JAMES LAMONT RICHARDSON,**<br><br>                    **Defendant.** | **1:97-CR-05129 OWW**<br><br>**ORDER RE DEFENDANT'S REQUEST FOR RECREATION OF HIS CASE FILE AND FOR AN EXTENSION OF TIME TO FILE A PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2255.** |

Before the court for decision are several motions filed by Defendant James Lamont Richardson.  First, Defendant requests that his case records and files, which were apparently lost in the mail, be reproduced and sent to him.  Second, Defendant requests and extension of time within which to file a petition for writ of habeas corpus on the ground that he was unable to timely file a petition because he did not have access to his case records and files.

### I.   BACKGROUND.

Defendant was convicted of multiple counts of robbery and murder on February 4, 1999.  On July 6, 1999, he was sentenced to life plus 300 months in prison.  (See Doc. 242, Judgment and Commitment.)  His conviction and sentence was upheld by the Ninth Circuit on September 8, 2000, and his petition for a writ of certiorari was denied by the United States Supreme Court on February 26, 2001.  Defendant was represented by Gerald Ray

Lewis, Esq. at trial and by Patience Milrod, Esq. on appeal.

In March 2001, defendant contacted Milrod's office to obtain his case file.  Milrod's office agreed to send the file to defendant and contacted the United States Penitentiary at Lompoc, where Defendant was incarcerated, to discuss the transfer of the files.  Officials at Lompoc indicated that they had no space in which to store the five boxes of material and suggested that Milrod's office mail the boxes to Defendant's family at a Montana address.  The boxes were mailed to the address provided on March 13, 2001.  The Montana address turned out to be that of another inmate, Vernon Richardson.  Throughout the summer of 2001, Ms. Milrod's office undertook extensive efforts to locate the boxes, including contacting prison officials, the postal service, and eventually Congressman Radanovich's Office. (*See* letter from C. Lugge to B. Small, dated Oct. 16, 2001, attached to Doc. 340.)

On October 4, 2001, Defendant filed a motion to extend the time for filing a petition for writ of habeas corpus under 28 U.S.C. § 2255, on the ground that his case file had been misplaced.  (Doc. 321.)  In response, the district court ordered defendant to "notify the court immediately upon receipt of the file," and indicated that defendant's "request for time extension will then be considered and acted upon."  (*Id*. at 3.)

On June 27, 2002, Defendant informed the court that the boxes could not be located.  (Doc. 325.)  Defendant then requested that the district court provide him with "copies of his trial transcripts, pre-trial motions and dispositions, sentencing transcripts and a copy of the case docket sheet."  (*Id*. at 2.)  In addition, defendant requested that the district court provide

1  defendant with a "<u>complete</u> copy of discovery papers regarding his
2  case," including "all police reports and FBI 302's [], witness
3  statements, photographs, list of tangible evidence presented at
4  the trial, and any other material relating to the ase that [the
5  district court] may deem necessary for the preparation of
6  defendant's § 2255 motion."  (*Id.*)
7       The district court ordered the United States to respond with
8  any opposition to Defendants' request, noting that "[i]t appears
9  good cause for reproduction of some of the records exists."
10 (Doc. 329, filed Aug. 22, 2002.)  Defendant filed a brief in
11 support of his motions (Doc. 330, filed Sept. 15, 2002), the
12 United States opposed (Doc. 331, filed Sept. 27, 2002), and
13 Defendant filed a reply (Doc. 332, filed Oct. 2, 2002).  On
14 January 30, 2003 and September 2, 2003, Defendant renewed his
15 requests for adjudication of the case file and extension issues.
16 Finally, on May 4, 2004, Defendant filed a "motion to expedite
17 the proceedings."  (Doc. 337.)  The government filed a
18 supplemental response in opposition to Defendant's requests.
19 (Doc. 339, filed June 8, 2004.)  Finally, on August 2, 2004,
20 Defendant filed a final brief in support of his requests,
21 asserting that the loss of his case file constituted
22 extraordinary circumstances warranting both an extension of time
23 and the reproduction of his case file.  (Doc. 340.)
24 //
25 //
26 //
27 //
28 //

## II. DISCUSSION

### A. Request for Extension of Time to File a Habeas Petition.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (ADEPA), a one year statute of limitations applies to the filing of a petition for a writ of habeas corpus under 28 U.S.C. § 2255. The limitations period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. ADEPA's one year limit may be extended by equitable tolling, but only where "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Espinoza-Matthews v. Cal.*, 432 F.3d 1021, 1026 (9th Cir. 2005). Determining whether equitable tolling is appropriate is a "highly fact-dependent" inquiry, *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir.2000) (en banc per curiam), and defendant "bears the burden of showing that equitable tolling is appropriate," *Espinoza-Matthews*, 423 F.3d at 1026.

The Ninth Circuit has repeatedly recognized that "it is "unrealistic to expect a habeas petitioner to prepare and file a

**4**

meaningful petition on his own within the limitations period without access to his legal file." *Id*. at 1028; *see also Spitsyn v. Moore*, 345 F.3d 796, 801 (9th Cir. 2003); *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). Equitable tolling has been applied where a prisoner, despite repeated, "diligent" and well-documented requests for access to his case materials, was denied such access by prison officials while in Administrative Segregation. *Espinoza-Matthews*, 432 F.3d at 1026-27.

Here, defendant and appellate counsel have worked diligently to locate the missing case files. Defendant attaches to his various pleadings correspondence between himself and appellate counsel, and between appellate counsel's office, the United States Postal Service, and the office of Congressman Radanovich. (*See* Doc. 340 and attachments.) Defendant also apparently attempted to contact both the public defender's office and his co-defendant in an attempt to obtain copies of his case files, but never received any response. (Doc. 333 at 2.)

The government urges the district court to follow United *States v. Van Poyck*, 980 F. Supp. 1108 (C.D. Cal. 1997), where a prisoner's request for equitable tolling was denied because he had not shown that extraordinary circumstances prevented him from timely filing his habeas petition. In *Van Poyck*, the defendant asserted that (1) that he was "unable to prepare his § 2255 motion because he could not secure copies of certain transcripts from various court reporters"; and (2) that during the two months prior to his filing of the motion for extension, there were "four general lockdowns, each lasting several days which...virtually eliminated [] Defendant's access to the prison's Law Library

5

where there are but ten typewriters for the over one thousand inmates here." *Id*. at 1110-111. The district court in Van Poyck concluded that these reasons did not constitute extraordinary circumstances, in part because the defendant failed to state why the requested transcripts are "necessary for the preparation of his motion." The *Van Poyck* court also emphasized that the defendant had not established why "a few security lockdowns in his place of incarceration over the last few months...made it impossible for him to file his petition on time." *Id*. at 1111.

> Even if this Court were to generously assume that Defendant was unable to access the prison law library for two weeks out of the last four months...he will have still had fifty other weeks to prepare a § 2255 motion in his prison's library facilities.

*Id*. Finally, the *Van Poyck* court found particularly important the fact that the defendant had "not argued that the circumstances that purportedly support his Motion were caused by events over which he had no control." *Id*.

The circumstances here are entirely distinguishable. First, the loss of Defendant's entire case file appears to have been entirely beyond his control. Unlike in *Van Poyck*, where the lockdowns prevented the defendant's access to the law library for short periods of time during the limitations period, the effect of the misplacement of Defendant's entire casefile effected a more continuous problem for Defendant. Finally, unlike in *Van Poyck*, where the defendant complained of the absence of certain transcripts from his legal materials, the loss of Defendant's entire case file imposes a more substantial burden on Defendant's ability to file a habeas petition.

**6**

1    Under the extremely unique circumstances of this case, where
2 Defendant's entire case file was lost for the entire limitations
3 period through no fault of his own, equitable tolling
4 is appropriate.  The record indicates that Defendant's petition
5 for a writ of certiorari to the United States Supreme Court was
6 denied on February 26, 2001.  He promptly contacted Ms. Milrod's
7 office to obtain his case file some time in March 2001, but never
8 obtained the materials.  He is entitled to tolling of the entire
9 year-long limitations period.

**B.    <u>Request for Reproduction of Missing Case Materials</u>.**

Defendant also requests copies of various materials that would likely have been contained within the lost case file boxes. Specifically, Defendant requests that the district court provide him with copies of:

(1)   the trial transcripts,

(2)   pre-trial motions and dispositions,

(3)   the sentencing transcripts,

(4)   and a copy of the case docket sheet.

In addition, defendant requested that the district court provide defendant with a complete copy of discovery papers regarding his case, including "all police reports and FBI 302's [], witness statements, photographs, list of tangible evidence presented at the trial, and any other material relating to the case that [the district court] may deem necessary for the preparation of defendat's § 2255 motion."  (Doc. 325.)

The government appears to be correct in its assertion that there is no directly analogous legal authority for the district

**7**

court to issue an order regarding the reconstruction of a lost case file. (Doc. 339.) The most analogous precedent concerns the provision of free transcripts to potential habeas petitioners. Under most circumstances, a prisoner would <u>not</u> be entitled to free copies of his trial transcripts unless a court certifies that those transcripts are necessary to decide non-frivolous issues in a pending habeas petition or other judicial proceeding. *See* 28 U.S.C. 753(f); *see also Sistrunk v. United States*, 992 F.2d 258, 259 (10th Cir. 1993); *United States v. Lewis*, 605 F.2d 379, 380 (8th Cir. 1979). Here, unlike where a prisoner desires <u>transcripts</u> in addition to whatever other legal materials he may possess, Defendant has <u>absolutely no legal materials</u> pertaining to his case on which to base a habeas petition.

The government points out that a habeas petitioner does not enjoy a presumptive entitlement to <u>discovery</u>, citing *Bracy v. Gramely*, 520 U.S. 899, 903-05 (1997). But *Bracy* concerned discovery materials that <u>were never part of the underlying criminal case</u> against the prisoner. Here, Defendant is not requesting any new "discovery," he is requesting copies of discovery materials previously disclosed to him.[1]

---

[1] The government also cites *United States v. Nelson*, 467 F.2d 1380 (9th Cir. 1972) in support of the proposition that a prisoner is not entitled to discovery to prepare for a habeas petition. But, Nelson concerned a prisoner who desired essentially unfettered access to a wide range of evidentiary materials. The Ninth Circuit held that he had no right to engage in such a "fishing expedition." *Id*. This holding is simply inapposite here, where Defendant is requesting materials previously in his possession during the criminal process.

**8**

The government also asserts that "defendant could have recreated his lost case file himself." (Doc. 339 at 7.) Defendant and appellate counsel have taken extensive steps to accomplish this, to no avail. As discussed, appellate counsel went to great lengths to retrieve the missing files and defendant contacted the public defender's office and his co-defendant, but received no responses. Under such circumstances, reproduction of basic portions of the record is appropriate to afford Defendant an initial opportunity to frame a habeas petition.

The transcripts from trial, relevant motions hearings, and sentencing proceedings have already been generated and are part of the public record. Reproduction of these transcripts, along with a current copy of the case docket, by the clerk of court is the most efficient and effective way to provide Defendant material on which he may frame a habeas petition. The district court has no specific knowledge of or possession of discovery materials. At this time, there is no showing that a non-frivolous petition has been filed or how discovery materials would be relevant.

### III.  CONCLUSION

The clerk of this court is ordered to reproduce copies of all transcripts from the jury trial, motions hearings, orders, and sentencing proceedings pertaining to Defendant James Lamont Richardson. These copies shall be forwarded to defendant within 30 days of the date of this order along with a current copy of the case docket.

Defendant's motion for an extension of time in which to file

a petition for writ of habeas corpus under 28 U.S.C. § 2255 is **GRANTED**.  He shall have one year from receipt of the above-mentioned transcripts and docket to file his petition.

**SO ORDERED.**

Dated: April 27, 2006                    /s/ OLIVER W. WANGER
                                         **OLIVER W. WANGER**
                                         **United States District Judge**