**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **No. CV-F-07-1679 OWW** |
| | ) | **No. CR-F-97-5129 OWW** |
| | ) | |
| | ) | **MEMORANDUM DECISION AND** |
| **Plaintiff,** | ) | **ORDER DENYING MOTION BY** |
| | ) | **JAMES LAMONT RICHARDSON FOR** |
| **vs.** | ) | **EXTENSION OF TIME TO FILE** |
| | ) | **MOTION PURSUANT TO 28 U.S.C.** |
| | ) | **§ 2255 (Doc. 367) AND** |
| **JAMES LAMONT RICHARDSON,** | ) | **DENYING MOTION TO VACATE,** |
| | ) | **SET ASIDE OR CORRECT** |
| | ) | **SENTENCE PURSUANT TO 28** |
| **Defendant.** | ) | **U.S.C. § 2255 (Doc. 368)** |
| | ) | |
| _____ | ) | |

    **Before the Court are the motion by Petitioner James Lamont Richardson for an extension of time to file a motion pursuant to 28 U.S.C. § 2255 (Doc. 367) and a motion to vacate, set aside or correct sentence pursuant to Section 2255 filed by Petitioner on November 9, 2007 (Doc. 368).[1]**

---

    **[1]The Section 2255 motion was docketed on November 20, 2007. Because Petitioner is incarcerated, the mailbox rule requires that the filing date of the Section 2255 motion is the date it was placed in the prison mail system.**

1

1    **A.   MOTION FOR EXTENSION OF TIME TO FILE SECTION 2255**

2    **MOTION**.

3         On April 27, 2006, the following Order was issued:

4              The clerk of the court is ordered to
               reproduce copies of all transcripts from the
5              jury trial, motions hearings, orders and
               sentencing proceedings pertaining to
6              Defendant James Lamont Richardson.  These
               copies shall be forwarded to defendant within
7              30 days of the date of this order along with
               a current copy of the case docket.
8
               Defendant's motion for an extension of time
9              in which to file a petition for writ of
               habeas corpus under 28 U.S.C. § 2255 is
10             GRANTED.  He shall have one year from receipt
               of the above-mentioned transcripts and docket
11             to file his petition.

12   (Doc. 346).  Because Richardson's prison address had changed and

13   he had not provided a notice of change of address to the Court,

14   there was delay in complying with the April 27, 2006 Order.  By

15   letter dated September 25, 2006 addressed to Mr. Rawls, Legal

16   Department, U.S. Penitentiary, Beaumont, Texas, Courtroom Deputy

17   Greg Lucas, advised: "Enclosed are copies of documents which

18   Judge Wanger directed be copied by our office and sent to Mr.

19   Richardson to allow him to perfect his appeal [sic]."  (Doc.

20   352).

21        By letter dated October 7, 2007 and addressed to the

22   Honorable Judge Wanger, Richardson requests an additional

23   extension of time to file a motion to vacate, set aside or

24   correct sentence pursuant to 28 U.S.C. § 2255.  Richardson states

25   in pertinent part:

26             ... I eventually received a substantial

                                    2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

      amount of said reproduced copies of
      transcripts of my jury trial, motions
      hearings, sentencing proceedings and orders
      sometime around the end of October 2006 (or
      the beginning to middle of November 2006).
      <u>However, please note that I did not receive
      'all' of the ordered documentation at that
      time</u>.

      As a matter of fact, also please note that I
      only recently received the majority of the
      missing documents that the Clerk of this
      Honorable Court was supposed to have provided
      me ... However, please be advised that only
      after many months of 'diligent' effort on the
      part of myself and my family was I able to
      finally obtain much of the missing documents
      ...

In support of this assertion is filed Richardson's declaration,

wherein he avers in pertinent part:

      10.)  Specifically, absolutely no trial
      transcripts were included within said package
      of the record of the case documents, which
      were mailed to me along with said cover
      letter (Dated: 9-25-06).

      ...

      12.)  However, if the entire truth were to be
      told, the fact that I only just recently
      obtained a substantial number of the record
      of the case documents that were missing from
      the package of documents that had been mailed
      to me (on about 9-25-06) from the Office of
      the Clerk would be revealed.

      13.)  As a direct result of my 'due
      diligence' and perserverence [sic], as well
      as the aid and assistance of my family and
      friends, I was able to luckily obtain copies
      of said 'missing' trial transcripts from my
      co-defendant's personal file records of his
      legal documents, which were being stored with
      his own family members.

      14.) Also, please note verifiable fact that I
      only just received said missing trial
      transcripts from my co-defendant's personal

file records (on or about <u>Friday, September 14, 2007</u>) And, as a further matter of fact please know that the postmark on the U.S. Postal Service's Priority Mail envelope is dated: <u>September 11, 2007</u>.

Petitioner's letter also asserts:

I hereby contend and aver that between the date of April 27th, 2006 ... and the drafting of this herein letter/motion a substantial number of 'reasonable delays' accrued from my transfer from F.C.I. Victorville, CA. to U.S.P. Beaumont, TX., as well as from the many 'emergency lockdowns' that have been imposed here at this United States Penitentiary.

Specifically, inmate on inmate assaults, inmate on staff assaults, food strikes, and severe inclement weather (i.e. thunder storms and/or electrical storms, heavy fog, and significant damage and/or equipment failure due to hurricane force winds and rain) have all contributed to the <u>reasonable delay</u> of me filing my upcoming habeas action.

Attached to Petitioner's letter are copies of various notices of lockdown status during various times in March, April and May, 2006, in July, 2006, in October, 2006, and in July, 2007.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a one year statute of limitations applies to the filing of a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  The limitations period begins to run from the <u>latest</u> of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to make a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AEDPA's one year limitation may be extended by equitable tolling, but only where "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir.2005). Determining whether equitable tolling is appropriate is a "highly fact-dependent inquiry", *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir.2000), and the movant "bears the burden of showing that equitable tolling is appropriate." *Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir.2005).

Defendant has not made the showing required by case law. Assuming the truth of his averment that the documents mailed to him by the Clerk's Office on September 25, 2006 did not include any of the transcripts of Defendant's jury trial, Defendant did not notify the Court of this lapse until over a year later. Prompt notification by Defendant would have resulted in the trial transcripts being copied and mailed to Defendant. Further, Defendant provides no evidentiary support for his assertion that he received the trial transcripts from one of his co-defendants in September 2007 and provides no evidence when he requested

5

1  copies of the trial transcripts from his co-defendant.

2       With regard to Petitioner's claim that the various lockdowns

3  of the institution precluded him from filing the Section 2255

4  motion within the one-year period previously extended by Court

5  Order, Petitioner makes no showing that the lockdowns made it

6  impossible for him to file the Section 2255 motion on time.

7  Petitioner received the photocopied court records in late

8  September, 2006.  After the receipt of these records, there were

9  only two lockdowns, one in October, 2006 and the other in July,

10  2007.  The same is true of Petitioner's claim of severe weather.

11  Petitioner presents no evidence that the severe weather made it

12  impossible for him to file the Section 2255 motion on time.

13       Petitioner's motion for an extension of time to file a

14  motion to vacate, set aside or correct sentence pursuant to 28

15  U.S.C. § 2255 on the ground of equitable tolling is DENIED.

16       B.   MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE.

17       Even if it is concluded that Petitioner is entitled to

18  equitable tolling and that the motion to vacate, set aside or

19  correct sentence filed on November 9, 2007 is timely, Petitioner

20  is not entitled to relief pursuant to Section 2255.

21       Petitioner contends that the evidence admitted by the United

22  States at trial is insufficient to prove that the robberies of

23  Videotronics Store and Bill's Bait & Tackle Store of which he was

24  convicted in violation of 18 U.S.C. § 1951 "obstructed, delayed,

25  or affected interstate commerce", and to prove that Petitioner

26  participated in the robbery of a residence on Belmont Avenue.

1   "The 'substantially affects' language in *United States v.*
2   *Lopez*, 514 U.S. 549, 558-59 ... (1995), and *United States v.*
3   *Morrison*, 529 U.S. 598, 609 ... (2000), does not displace our
4   cases requiring only a *de minimus* effect on interstate commerce
5   to support a Hobbs Act prosecution." *United States v. Boyd*, 480
6   F.3d 1178, 1179 (9th Cir.), *cert. denied*, ___ U.S. ___, 127 S.Ct.
7   2897 (2007).

8       Petitioner did not raise the sufficiency of the evidence on
9   direct appeal from his conviction.  Objections to the
10  admissibility or sufficiency of the evidence are not grounds for
11  relief under Section 2255.  *See Rivera v. United States*, 318 F.2d
12  606, 607 n.2 (9th Cir.1963), citing *inter alia*, *Black v. United*
13  *States*, 269 F.2d 38, 41-42 (9th Cir.1959), *cert. denied*, 361 U.S.
14  938 (1960).  Because Petitioner could have raised the sufficiency
15  of the evidence on direct appeal but nonetheless failed to do so,
16  he must demonstrate both cause excusing his procedural default
17  and actual prejudice resulting from the claim of error, or that
18  he is "actually innocent" of the crime.  *United States v.*
19  *Johnson,* 988 F.2d 941, 945 (9th Cir. 1993), citing *United States*
20  *v. Frady*, 456 U.S. 152, 168 (1982); *Bousley v. United States*, 523
21  U.S. 614, 622 (1998).

22      Petitioner does not demonstrate either cause for the
23  procedural default or actual prejudice.  To show cause,
24  Petitioner's claim "must turn on something external to the
25  defense, such as the novelty of the claim or a denial of
26  effective assistance of counsel."  *Murray v. Carrier,* 477 U.S.

7

478, 494 (1986).  Attorney error such as failure to recognize the factual or legal grounds for a claim or even failure to raise a recognized claim, short of ineffective assistance of counsel, is not "cause" for a procedural default.  *Id.*, 477 U.S. at 492. Petitioner presents no claim and makes no showing of ineffective assistance of counsel.  "[T]he prejudice prong of the test requires demonstrating 'not merely that the errors at ... trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *United States v. Braswell*, 501 F.3d 1147, 1150 (9th Cir.2007), citing *United States v. Frady*, *supra*, 456 U.S. at 170.  Petitioner has made no such showing.

Petitioner does not claim or demonstrate "actual innocence." "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States, supra*, 523 U.S. at 623-624.  Here, Petitioner does not claim or demonstrate his factual innocence of the crimes of which he was convicted; he merely argues the insufficiency of evidence presented by the United States at trial.

Petitioner also contends that he was "charged with theft of a firearm of a private individual under the Hobbs Act."  Citing *United States v. Collins*, 40 F.3d 95 (5th Cir.1984), Petitioner argues that the evidence presented at trial was insufficient to demonstrate the required nexus with interstate commerce to sustain a conviction under the Hobbs Act.

8

1    **Petitioner's assertion is without merit.  Petitioner was not**
2    **charged with theft of a firearm from a private individual in**
3    **violation of the Hobbs Act, 18 U.S.C. § 1951.  Petitioner was**
4    **charged with theft of a firearm from the residence on Belmont**
5    **Avenue in violation of 18 U.S.C. § 924(l)("A person who steals**
6    **any firearm which is moving as, or is a part of, or which has**
7    **moved in, interstate or foreign commerce shall be imprisoned for**
8    **not more that 10 years, fined under this title, or both.").  The**
9    **test discussed by the Fifth Circuit in *Collins* simply has no**
10   **application or relevance to Petitioner's conviction of this**
11   **crime.**

12   **Petitioner's motion to vacate, set aside or correct sentence**
13   **pursuant to 28 U.S.C. § 2255 is DENIED.**

14   IT IS SO ORDERED.

15   **Dated:    November 29, 2007**            **/s/ Oliver W. Wanger**
16                                       UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26