IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LAMONT RICHARDSON, ) <br> ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> ) <br> Respondent. ) <br> ) <br> ) | No. CV-F-02-5814 OWW <br> (No. CR-F-97-5129 OWW) <br><br> MEMORANDUM DECISION AND <br> ORDER DENYING PETITIONER'S <br> MOTION FOR RECONSIDERATION <br> PURSUANT TO RULE 60(b)(2), <br> FEDERAL RULES OF CIVIL <br> PROCEDURE, AND DIRECTING <br> CLERK OF COURT TO RE-SERVE <br> NOVEMBER 30, 2007 MEMORANDUM <br> DECISION AND ORDER (Doc. <br> 371) ON  PETITIONER |

By Memorandum Decision and Order filed on November 30, 2007, (doc. 371), the Court denied Petitioner James Lamont Richardson's motion for extension of time to file a motion pursuant to 28 U.S.C. § 2255 and his Section 2255 motion.  The Memorandum Decision and Order was served on Petitioner by mail at USP Beaumont, Beaumont, Texas on November 30, 2007.  Service of the Memorandum Decision and Order was not returned by the institution as undeliverable.

1

On May 19, 2008, Petitioner filed a notice of change of address, notifying the Court that his address now is the United States Federal Penitentiary McCreary, Pine Knot, Kentucky.

On July 7, 2009, Petitioner filed a motion for reconsideration of "his pending motion under section 2255, in accordance with Fed. R. Civ. Proc. Rule 60(b)(6), insofar as failure to service pleading."  Petitioner asserts that he has not been served with any orders resolving his Section 2255 motion.

The Court's docket establishes that Petitioner was served with the Memorandum Decision and Order by mail on November 30, 2007.

Petitioner further asserts:

> In or about October 2007, USP Beaumont, experienced a tumultuous rash of violence that lead to several prison lock downs and eventually a joint investigation by the Federal Bureau of Investigation and the Bureau of Prisons.  Based upon prison related murders, etc., the Federal Bureau of Prisons kept USP Beaumont under severe restraints and eventually a change in the BOP's custody classification of the entire prison.  Such change resulted in several inmates being sent to a variety of penitentiaries.  Petitioner was classified as a High Security inmates was placed in transit by the BOP to USP McCreary, located in Pine Knot, Kentucky.  While in transit neither the BOP or the holding facilities where he was placed afforded him mail or communication effective to communicate with the court etc.  Though, Petitioner repeatedly requested legal calls or adequate assess to legal materials to retreive the correct address to this court.
>
> Therefore, from October 2007, Petitioner was left in complete communique with the needed

>     resources to notify this court of his status
>     or his inquiry with his pending Section 2255
>     motion.  It is the circumstance upon which
>     Beaumont's prison lock down and a transfer by
>     the BOP that Petitioner now complains
>     prevented any reasonable means by which to
>     effectuate communication with this court
>     regarding his pending Section 2255.  For this
>     vary reason Petitioner submits his newly
>     known address and his now Rule 60(b) motion
>     seeking this court's permission to reopen 'if
>     necessary' his case. [SIC]

According to the BOP, Petitioner was transferred from USP Beaumont on April 2, 2008 and arrived at USP McCreary on April 3, 2008. According to the Council of Prison Locals 33 website, USP Beaumont was on lockdown from November 28 to December 10, 2007, on January 25 and on February 12, 2008, thereby raising substantial doubt that Petitioner was unable to contact the Court or that mail service was interrupted.  Further, by the time Petitioner filed the Notice of Change of Address, Petitioner had already been served with the Memorandum Decision and Order.

Petitioner's motion for reconsideration to re-open, if necessary, his Section 2255 motion is DENIED as moot.  The motion was resolved by the November 30, 2007 Memorandum Decision and Order.

The Clerk of the Court to serve the November 30, 2007 Memorandum Decision and Order on Petitioner at his current address.

IT IS SO ORDERED.

**Dated:    July 9, 2009**                         /s/ Oliver W. Wanger
                                                   UNITED STATES DISTRICT JUDGE