IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LAMONT RICHARDSON,<br><br>　　　　Petitioner,<br><br>　　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | No. CV-F-07-1679 OWW<br>(No. CR-F-97-5129 OWW)<br><br>MEMORANDUM DECISION AND ORDER RE-OPENING TIME TO APPEAL, DENYING PETITIONER'S REQUEST FOR A CERTIFICATE OF APPEALABILITY, AND DENYING PETITIONER'S APPLICATION TO PROCEED IN FORMA PAUPERIS |

　　By Memorandum Decision and Order filed on November 30, 2007, Petitioner James Lamont's Richardson's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 was denied. (Doc. 371). On May 19, 2008, Petitioner filed a notice of change of address. (Doc. 381). On July 7, 2009, Petitioner filed a motion for reconsideration pursuant to Rule 60(b), Federal Rules of Civil Procedure, of the denial of his Section 2255 motion. (Doc. 383). By Memorandum Decision and Order filed on July 9, 2009, Petitioner's motion for reconsideration was

denied.  Petitioner was served with the July 9, 2009 Memorandum Decision and Order at his new address.

On February 1, 2010, pursuant to the mailbox rule set forth in Rule 4(c), Federal Rules of Appellate Procedure, Petitioner filed a Notice of Appeal and Request for Certificate of Appealability, purporting to appeal the July 9, 2009 Memorandum Decision and Order.[1]  Accompanying Petitioner's Notice of Appeal and Request for Certificate of Appealability is a letter dated January 7, 2010, from Petitioner's case manager at USP McCreary, Pine Knot, Kentucky:

> Inmate James Richardson is an inmate on my case load at USP McCreary, Kentucky.  This is to inform you he mailed his motion to the court for the US Attorney and to the US District Court for the Eastern District of California on September 9, 2009.  The letter was inadvertently mailed to USP Atwater, California and returned to inmate Richardson at USP McCreary, Kentucky on October 14, 2009.  I contacted the unit officer on October 20, 2009, to verify the letter being returned to inmate Richardson.  He stated he had returned the letter on October 19, 2009.  I instructed inmate Richardson to go the [sic] mailroom on October 22, 2009, to verify why his letter had been sent to USP Atwater.  After speaking with the supervisor it is unknown by the letter was sent to USP Atwater.  This institution went into institutional lockdown from October 23, 2009 to October 27, 2009, and November 11, 2009,

---

[1] The caption of Petitioner's Notice of Appeal and Request for Certificate of Appealability sets forth the case numbers as CV-F-02-5814 OWW and CR-F-97-5129 OWW.  The civil case number is incorrect.  No. CV-F-02-5814 is the case number assigned to the Section 2255 motion filed by Lawrence Robinson, Petitioner's co-defendant in the underlying criminal case, who is incarcerated at USP Atwater.  Petitioner's Section 2255 motion was assigned civil case No. CV-F-07-1679.

2

```
                till [sic] December 4, 2009.  Therefore,
                during this time he did not have access to
                his legal material.
```

Rule 11(b), Rules Governing Section 2255 Proceedings for the United States District Courts, provides:

```
                Federal Rule of Appellate Procedure 4(a)
                governs the time to appeal an order entered
                under these rules.
```

Rule 4(a)(1)(B), Federal Rules of Appellate Procedure, provides that, when the United States is a party, a "notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered."  Pursuant to Rule 4(a)(4)(A), Federal Rules of Appellate Procedure:

```
                If a party timely files in the district court
                any of the following motions under the
                Federal Rules of Civil Procedure, the time to
                file an appeal runs for all parties from the
                entry of the order disposing of the last such
                remaining motion:

                ...

                (vi) for relief under Rule 60 if
                the motion is filed no later than
                28 days after the judgment is
                entered.
```

Rule 4(a)(5), Federal Rules of Appellate Procedure, provides:

```
                (A) The district court may extend the time to
                file a notice of appeal if:

                    (i) a party so moves no later than
                30 days after the time proscribed by this
                Rule 4(a) expires; and

                    (ii) regardless of whether its
                motion is filed before or during the 30 days
                after the time prescribed by this Rule 4(a)
                expires, that party shows excusable neglect
                or good cause.
```

3

> (B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise.  If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.
>
> (C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

**Rule 4(a)(6) provides:**

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Here, the Clerk of the Court did not enter a separate judgment regarding the denial of Petitioner's Section 2255 motion or the denial of Petitioner's motion for reconsideration. Consequently, pursuant to Rule 4(a)(6), the time to file a notice of appeal is re-opened.  Petitioner did not receive notice of entry of judgment because none was entered and the United States is not prejudiced.  Therefore, Petitioner's Notice of Appeal as

to the July 9, 2009 order denying the motion for reconsideration is timely.

Petitioner's request for a Certificate of Appealability is DENIED.  Petitioner has not demonstrated that reasonable jurists would find the Court's assessment of his claims for relief debatable or wrong.  *See United States v. Zuno-Arce*, 339 F.3d 886, 888-89 (9th Cir. 2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 146 L. Ed. 2d 542, 120 S. Ct. 1595 (2000)).

Rule 24(a)(1), Federal Rules of Appellate Procedure, provides:

> Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court.  The party must attach an affidavit that:
>
> (A) shows in the detail prescribed by Form A of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>
> (B) claims an entitlement to redress; and
>
> (C) states the issues that the party intends to present on appeal.

Rule 24(a)(4) and (a)(5) provide:

> (a)(4) The district clerk must immediately notify the parties and the court of appeals when the district court does any of the following:
>
> (A) denies a motion to proceed on appeal in forma pauperis;
>
> (B) certifies that the appeal is not taken in good faith; or
>
> (C) finds that the party is not otherwise entitled to proceed in forma pauperis.

> (a)(5) A party may file a motion to proceed on appeal in forma pauperis in the court of appeals within 30 days after service of the notice prescribed in Rule 24(a)(4). The motion must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action. If no affidavit was filed in the district court, the party must include the affidavit prescribed by Rule 24(a)(1).

Here, Petitioner was not required to pay a filing fee to file his Section 2255 motion in the District Court. *See* Advisory Committee Notes, Rule 3, Rules Governing Section 2255 Proceedings for the United States District Courts. Petitioner's application to proceed in forma pauperis establishes that Petitioner is unable to pay or give security for the appellate filing fee. Petitioner's application states the issues he intends to raise on appeal. However, for the reasons that the certificate of appealability was denied, Petitioner has not shown that the appeal is taken in good faith.

IT IS SO ORDERED.

Dated:   **May 21, 2010**                                   **/s/ Oliver W. Wanger**
                                                                      UNITED STATES DISTRICT JUDGE